LAW LIBRARY

FILE

2014 JAN 28 PM 2: 30

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| NOELLA D. CARTER,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE SANTOS,[1] in his official capacity as COMMISSIONER OF THE GUAM WORKER'S COMPENSATION COMMISSION, CONTINENTAL MICRONESIA, and AMERICAN HOME ASSURANCE COMPANY,<br><br>Defendants. | CASE NO. CV 0021-12<br><br>**AMENDED DECISION AND ORDER** |

     This Decision and Order corrects a clerical error in the Decision and Order filed January 18, 2014, as reflected in the Rule 60(a) Order filed January _28_, 2014. Plaintiff Noella D. Carter (Plaintiff) appeals a Worker's Compensation Commission Compensation Order (Order) that awarded her compensation relating to injuries sustained while she was working for Defendant Continental Micronesia (Continental). Although the Commissioner found that Plaintiff was entitled to a compensation award, Plaintiff takes issue with the manner in which the award was calculated. The Court affirms the Order in part and vacates the Order in part.

---

[1] Notice of the substitution of George Santos for Leah Beth O. Naholowaa pursuant to Guam R. Civ. P. 25(d)(1) was given in the Commissioner's Answer filed on April 9, 2012.

1

## BACKGROUND

On December 10, 2006, Plaintiff was injured while in the employ of Defendant Continental and while stowing passengers' luggage for departure. On December 6, 2011, the Commissioner awarded Plaintiff worker's compensation benefits award of $6,000, based on a weekly rate of $250 for a 24 week period from July 2007 to December 2007. The Commission also awarded attorney's fees of $1,500 and medical expenses of $1,483.

On January 5, 2012, Plaintiff filed her Complaint in which she timely appealed the Order and sought injunctive and declaratory relief. On June 6, 2013, the Court denied her Application for a Preliminary Injunction. On September 5, 2013, Defendant Continental and Defendant American Home Assurance Company (American) filed a Motion for Summary Judgment, which was joined by Defendant Commissioner of the Guam Worker's Compensation Commission (Commission). On October 2, 2013, Plaintiff filed an Opposition and Motion for Summary Judgment. The Court heard argument on November 20, 2013.

## JURISDICTION

Pursuant to Guam's worker's compensation statute, 22 G.C.A § 9122(b), the Court may "suspend[] or set aside, in whole or in part," a worker's compensation order "brought by any party in interest against the Commissioner, and instituted in the Superior Court." Guam's Administrative Adjudication Law further provides that "[j]udicial review may be had of any agency decision by any party affected adversely by it" and, if the agency decision is not in accordance with law or is not supported by substantial evidence, then the Court shall order the agency to take action according to law or the evidence. 5 G.C.A. § 9240; Fagan v. Dell'Isola, 2006 Guam 11, ¶¶ 8-10.

## STANDARD OF REVIEW

The Court is required to review de novo the Commissioner's conclusions of law and to affirm the Commissioner's findings of fact, as well as any conclusions resulting therefrom, if supported by substantial evidence. Fagan, 2006 Guam 11, ¶ 11 (citing Nissan Motor Corp. in Guam v. Sea Star Group Inc., 2002 Guam 5, ¶ 10). However, the Court "'may not substitute its views for those of the [Commissioner], but instead must accept the [Commissioner's] findings unless they are contrary to law, irrational, or unsupported by substantial evidence.'" Fagan, 2006 Guam 11, ¶ 11 (quoting Alcala v. Dir., Office of Workers Comp. Programs, 141 F.3d 942, 944 (9th Cir. 1998)). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Fagan, 2006 Guam 11, ¶ 12 (citing Bondoc v. Worker's Comp. Comm'n, 2000 Guam 6, ¶ 65).[2]

When reviewing an agency's construction of a statute, the Court must reject constructions that are contrary to legislative intent, but where a statute is silent or ambiguous, the Court may defer to the agency's interpretation. Guam Fed'n of Teachers v. Gov't of Guam, 2013 Guam 14, ¶¶ 24-25 (quoting Blas v. Guam Customs & Quarantine Agency, 2000 Guam 12, ¶ 12 (quotations omitted)). Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). Absent clear legislative intent to the contrary, a statute's plain meaning prevails. Sumitomo Constr. Co. v. Gov't of Guam, 2001 Guam 23, ¶ 17; see also Amerault v. Intelcom Support Servs., Inc., 2004 Guam 23, ¶ 14 (plain meaning is gleaned from "the entire statutory scheme"). To determine

---

[2] Although this matter comes before the Court on cross motions for summary judgment, at oral argument the parties concurred that it is properly entertained as an administrative appeal according to the foregoing standard of review.

legislative intent, a statute must be read in its entirety and construed in conjunction with other sections. Id. In addition, the Court is guided in the worker's compensation context by cases interpreting the substantially similar federal Longshoremen and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, et seq. Fagan, 2006 Guam 11, ¶¶ 11, 18 (citing Amerault, 2004 Guam 23, ¶ 16).

## ANALYSIS

Plaintiff alleges four legal and factual errors with the Commissioner's Order. Specifically, Plaintiff argues that the Commissioner misconstrued applicable statutes with respect to her weekly compensation rate and period of disability and further contends that the Commissioner erred in not applying a ten percent penalty to the award because Defendant Continental failed to timely controvert her claim. Plaintiff also argues that the attorney's fees were unreasonably withheld and the amount awarded should be over $16,000. Defendants maintain that the Order is in accordance with the law and supported by substantial evidence and, therefore, Plaintiff's contentions are without merit. Each issue is addressed in turn.

### 1. Weekly Compensation

Section 9107(b) of Title 22 provides for "[m]aximum and [m]inimum [c]ompensation" such that "[c]ompensation for disability shall not exceed Two Hundred Fifty Dollars ($250) per week." Section 9109(b), on the other hand, provides that "[i]n case of disability total in character but temporary in quality, sixty-six and two-third (66-2/3) per centum of the average weekly wages shall be paid to the employee during the continuance thereof."

In the Order, the Commissioner noted that, when applied to Plaintiff's average weekly wage of about $1,200, the two-thirds percentage set forth in § 9109(b) would yield an amount "much more" than $250 per week. Plaintiff urged the Commissioner to adopt this expansive

construction, but the Commissioner characterized Plaintiff's request for such compensation as a "direct contradiction" of § 9107(b) and concluded that "a plain reading of the law establishes that [Plaintiff's] compensation award is not to exceed $250.00 per week, and her total award should be calculated at that rate."

In the instant administrative appeal, Plaintiff maintains that her weekly rate of compensation, as calculated by reference to § 9109(b) and § 9115(m), is not limited by the cap set forth in § 9107(b). Accordingly, she concludes that the weekly rate applicable to her claim should be $750 per week, as opposed to $250 per week. Defendants counter that the Commissioner complied with the plain meaning of the statutes.

The Court discerns no basis for finding that the Commissioner's conclusion was not in accordance with the law. Section 9107(b) plainly establishes the outer bounds of weekly compensation amounts, while § 9109(b) provides the method by which a claimant's compensation is calculated. The Commissioner recognized the applicability of these two provisions and construed them in conjunction, i.e., with the latter calculation rendering a weekly compensation amount *subject* to the former statutory minimum or maximum amount. To adopt Plaintiff's construction would be to give such broad effect to the compensation formula as to render its statutory counterpart a nullity. Statutory construction "must not be guided by a single sentence or member of a sentence, but [by reference] to the provisions of the whole law, and to its object and policy." Sumitomo, 2001 Guam 23, ¶ 17 (quoting Kelly v. Robinson, 479 U.S. 36, 43 (1986)) (internal quotations omitted). Similarly, in the context of elections, the Guam Supreme Court has endorsed the maxim that "'no single statutory provision would be construed in such a way as to render meaningless or absurd [any] other statutory provision.'" Benavente v. Taitano, 2006 Guam 15, ¶ 36 (quoting 3A Sutherland Statutory Constr. § 73:8 (6th ed. 2006)

("Statutes regulating public elections")); see also 2B Sutherland Statutory Constr. § 51:2 (7th ed. 2007) ("Statutes on the same subject construed together"). The Court therefore holds that the Commissioner properly concluded, as a matter of law, that Plaintiff's weekly compensation amount may not exceed $250.

**2.      Period of Award**

Section 9107(a) of Title 22, is entitled, in pertinent part, "Time for Commencement of Compensation," and provides that when one's "injury results in disability of more than fourteen (14) days, the compensation shall be allowed from the date of disability." A claimant must provide written notice of an injury to her employer and to the Commissioner within thirty days of the injury. § 9113(a), (b). Such notice must "contain the name and address of the employee and a statement of the time, place, nature, and cause of the injury or death." § 9113(b). Failure to give such notice, however, "shall not bar any claim if the employer or the carrier had knowledge of the injury or death, and the Commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice." § 9113(d). If an employer fails to controvert a claimant's alleged right to compensation and fails to pay compensation within fourteen days of its due date, then "there shall be added to such unpaid installment an amount equal to ten (10) per centum thereof[.]" § 9115(d), (e).

The Commissioner made, in pertinent part, the following findings of fact: Plaintiff was injured on December 10, 2006, Plaintiff filed a notice of injury with Defendant Continental on February 28, 2007, and "[o]n July 16, 2007, [Plaintiff] filed a second notice of injury and was placed on disability which was then controverted on July 24, 2007, by [Defendant American]." The Commissioner awarded Plaintiff $6,000 based on a rate of $250 per week for 24 weeks. The 24 weeks reflected the period from July to December 2007 during which Plaintiff was on

medical leave. Although the record reveals that Plaintiff reported her injury via phone to Defendant Continental on the day it happened, the Commissioner mentioned neither Plaintiff's phone report nor Plaintiff's failure to provide written notice to her employer within thirty days of injury pursuant to § 9113. Defendants do not allege prejudice from the failure to provide written notice.

Plaintiff contends that the period of her disability commenced on the date of injury as opposed to the date of her second notice of injury. Plaintiff argues that she presented substantial evidence to support her claim for one full year of disability compensation. Defendants emphasize that Plaintiff worked after her injury, was placed on administrative leave from January to May, 2007, and that it was not until July 17, 2007[3] that Plaintiff filed an occupational injury report evidencing her disability.

Plaintiff's primary contention is that the Commissioner erred in declining to award benefits from the date of injury, December 10, 2006. Plaintiff invites the Court to equate date of injury with date of disability. The Commissioner elected not to do so in the instant matter, and Plaintiff suggests that this constituted legal and factual error. At issue is an apparent conflict between the applicable statutes: § 9107(a) provides that, "in case the injury results in disability of more than fourteen (14) days, the compensation shall be allowed from the date of disability," while § 9115(b) provides that "[t]he first installment of compensation shall become due on the fourteenth (14th) day after the employer has knowledge of the injury or death." Plaintiff's total compensation would vary dramatically depending on which date controls. The Commissioner apparently relied solely on § 9107(a) when it identified a date of disability several months later

---

[3] This medical report is dated July 17, 2007, Plaintiff's second notice of injury is dated July 16, 2007, and the Commissioner's Order sets the date of disability as July 16, 2007.

than the undisputed date of injury and opted not to award the ten percent penalty because it deemed the pertinent notice of injury controverted. On the other hand, considering that Plaintiff reported the injury on the same day it occurred and Defendants failed to controvert, § 9115(b) would seem to allow recovery of a compensation award, plus ten percent thereof, from the date of injury without regard for whether Plaintiff was actually disabled.

"Case law interpreting provisions of the LHWCA that are similar to provisions of Guam's worker's compensation law [are] persuasive." Amerault, 2004 Guam 23, ¶ 16 (citing Gibbs v. Holmes, 2001 Guam 11, ¶ 15). In the context of determination of pay under the LHWCA, 33 U.S.C. § 910, the Ninth Circuit has recognized that "in most cases of traumatic injury the date of injury and date of disability coincide." Port of Portland v. Dir., Office of Workers Comp. Programs, 192 F.3d 933, 937 (9th Cir. 1999) (citing Johnson v. Dir., Office of Workers Comp. Programs, 911 F.2d 247, 249-50 (9th Cir. 1990)). Such was the scenario in Port of Portland, where the Court found that the claimant "was disabled from the moment he suffered [his] knee injury and was never released to continue his employment as a longshoreman." 192 F.3d at 937-38. In Johnson, by contrast, the Court considered an "exceptional case[]" in which onset of the disability occurred years after the initial trauma and accordingly concluded that time of the disability rather than the time of the accident must be used to measure the amount of compensation. 911 F.2d at 249-50. The Court later rejected the concept of "a bright-line rule that would make the 'time of injury' the date when the claimant actually stopped working" and held that "the relevant date is when the claimant is or should be aware of the disability." Deweert v. Stevedoring Servs. of Am., 272 F.3d 1241, 1245-46 (9th Cir. 2001); see also Price v. Stevedoring Servs. of Am., Inc., 697 F.3d 820, 834 (9th Cir. 2012)

(when fixing date for calculation of prejudgment interest, "the date that a worker becomes statutorily entitled to compensation is when he first becomes disabled").

In the instant matter, the Commissioner clearly determined that the date of injury did not coincide with the date of disability. The Court is mindful that § 9115(b) bases a claimant's entitlement to compensation on the employer's knowledge of the injury, but this provision must be reconciled with § 9107. Importantly, the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results" and may interpret "broad language in a limited fashion in an effort to effectuate legislative intent." Sumitomo Const., Co., 2001 Guam 23, ¶ 17. The Court is unconvinced that the Legislature intended to allow a claimant to recover from the date of injury without respect to the claimant's ability to work and based on an employer's failure to controvert a statutorily noncompliant notice. To award compensation from the date of injury would yield recovery for Plaintiff without substantiation of her injuries and in addition to her earnings. Instead, the purpose of worker's compensation law to compensate *disability as a result of injury* is plainly evidenced in the Guam Code: "[c]ompensation shall be payable under this Title in case of disability or death of an employee, but only if the disability or death results from an injury sustained while engaged in industrial employment or public employment or both as defined." § 9104(a). Plaintiff was injured, continued to work, then ceased work when her employer made a personnel decision that was unrelated to her injury. Particularly in view of these unique circumstances, the Court concludes that, as a matter of law, the date of injury need not coincide with date of disability and the Commissioner did not commit legal error by differentiating the dates. The Court likewise declines to broadly construe § 9115(b) to permit windfall recovery or recovery without disability.

As to the evidence, the record reveals that the first determination of disability was rendered on July 17, 2007 in conjunction with Plaintiff's second notice of injury, dated July 16, 2007; the Commissioner adopted the latter date as the date of disability. Although it is undisputed that Plaintiff was injured in December, 2006, the July disability determination was not retroactive and elsewhere in the record there is conflicting evidence regarding the nature and extent of her injury. For example, assessments by different physicians performed in December, 2006 and October, 2007 concurred in concluding that Plaintiff's injury was a muscle strain without nerve injury. The October assessment also found that "there is absolutely no evidence of pinched nerve from 'cervical spondylosis or herniated disc'" and that "her symptoms are out of proportion to any objective finding." The July disability determination, however, diagnosed cervical spondylosis with symptoms of nerve injury. The fact that Plaintiff ceased work due to administrative leave further hinders assessment of Plaintiff's condition. In view of the definitive disability determination in July, the divergent medical opinions, and the Court's deference to the Commissioner on factual issues, it cannot be said that the Commissioner acted against the weight of the substantial evidence when it adopted July 16, 2007 as the date of disability.

**3.      Penalty for Failure to Controvert Claim**

Next, Plaintiff takes issue with the Commissioner's failure to give effect to her first written notice of injury, which was filed on February 28, 2007 and received by the Commissioner on March 2, 2007. If an employer fails to controvert a claimant's alleged right to compensation and fails to pay compensation within fourteen days of its due date, then "there shall be added to such unpaid installment an amount equal to ten (10) per centum thereof[.]" § 9115(d), (e). Plaintiff argues that she is entitled to the ten percent penalty contemplated by § 9115(e) because Defendant Continental failed to controvert her right to compensation with

respect to her first notice of injury. Defendants argue that the February notice was deficient and Commissioner therefore correctly did not rely upon it.

The Commissioner acknowledged the February notice in its factual findings, yet concluded that Plaintiff's entitlement to compensation commenced in July 2007 and Defendant American timely controverted her claim. As to Plaintiff's request for the ten percent penalty, the Commissioner did not refer to the February notice and merely stated that:

> [Plaintiff] also seeks a late payment penalty in the amount equal to ten (10) percent of [her] total disability award, because [Defendant American] did not controvert [her] claim within fourteen (14) days of notice of injury. However, [Plaintiff] was placed on disability and medical leave on July 16, 2007, and [Defendant American] controverted the claim July 24, 2007, thus the ten (10) percent penalty fee shall not be awarded.

The Commissioner clearly attached no significance to Plaintiff's February notice of injury and failed to explain its reasoning on the issue. Defendants account for this incongruity by insisting that July 2007 was operative as to the notice of injury and date of disability because "Plaintiff did not produce any medical report, witness statement, or any statements other than her notice of her injury" and "[t]here were no documents memorializing that the Plaintiff suffered a disability preventing her from working." Defendants, however, offer no authority to support their contention that Plaintiff's notice was deficient, and no authority can be gleaned from the plain language of § 9113(b).

The notice proffered by Plaintiff on February 28, 2007 and received by the Commissioner on March 2, 2007 plainly met the statutory requirements for notice. The February notice was transmitted to the employer and Commissioner in writing and contained "the name and address of the employee and a statement of the time, place, nature, and cause of the injury[.]" See § 9113. The statute is neither silent nor ambiguous as to notice, and the Court

will not read into the statute any burden on a claimant to further document a workplace injury. See Guam Fed'n of Teachers v. Gov't of Guam, 2013 Guam 14, ¶¶ 24-25. Even if Plaintiff's allegation of work-related injury appeared meritless by virtue of her failure to substantiate it with medical records, the statutory duty to controvert or to pay benefits remained in effect. See § 9115(d), (e); Prolerized New England Co. v. Benefits Review Bd., 637 F.2d 30, 39-40 (1st Cir. 1980), cert. denied, 452 U.S. 938 (1981) (upholding imposition of ten percent penalty and declining to relieve employer of duty to controvert or to pay benefits even where employer "thinks LHWCA coverage is far-fetched"). Moreover, because Plaintiff transmitted notice in compliance with the statute, Defendant Continental had "'reason to believe a controversy [would] arise'" and therefore the requirement to controvert was triggered.[4] See Matulic v. Dir., Office of Workers Comp. Programs, 154 F.3d 1052, 1059 (9th Cir. 1998) (quoting National Steel & Shipbuilding Co. v. United States Dept of Labor, 606 F.2d 875, 879 (9th Cir. 1979) (notice of controversion requirement triggered by "an employee's protests or claims with respect to compensation")).

The Commissioner, Plaintiff, and Defendants all recognize the uncontroverted February notice of injury. The Commissioner explicitly acknowledged this notice in the Order. The Court is constrained to conclude that the Commissioner's conclusion was contrary to law, irrational, and unsupported by substantial evidence. The ten percent penalty shall be "added to all amounts unpaid between the date the notice [of controversion] should have been filed and the date notice

---

[4] In contrast, Plaintiff's phone report on the date of injury was only a verbal communication of the injury to Defendant Continental. Plaintiff does not contend the phone report constituted valid notice to trigger the duty to pay or to controvert, and there is no indication that on that date the employer had reason to believe a controversy would arise. See Matulic, 154 F.3d at 1059; National Steel & Shipbuilding Co., 606 F.2d at 879.

was actually filed." Matulic, 154 F.3d at 1059; § 9115(d), (e). Notice of controversion must be filed within fourteen days of an employer's knowledge of injury. § 9115(d), (e). Fourteen days from February 28 was March 14, 2007; the actual date of controversion was July 24, 2007. However, as discussed above, Plaintiff was entitled to compensation as of July 16, 2007. Therefore, the ten percent penalty applies only to compensation due to Plaintiff from July 16 to July 24, 2007.

**4.     Attorney's Fees**

A claimant's attorney may collect fees for services pursuant to 22 G.C.A § 9129(a), which provides that "[n]o claim for attorney's fees or for any other services rendered in respect of a claim or award for compensation, to or on account of any person, shall be valid unless approved by the Commissioner, whose approval shall not be unreasonably withheld[.]"

In the Order, the Commissioner noted that "[t]he practice of the Commission is to award a maximum of 25% of the compensation awarded for work related injury" as attorney's fees. In following this practice in Plaintiff's case, the Commissioner emphasized that "[t]he purpose of the [worker's compensation] law is an effort to protect the claimant's award of benefits from being too heavily encumbered by a legal fee." The Commissioner also commented that "[t]he law vests in the Commissioner a broad discretion with regard to the approval of counsel fees[.]"

Plaintiff asserts that the attorney's fee award of 25% of the recovery is arbitrary, unreasonable, capricious, and an abuse of discretion on the part of the Commissioner because it is unrelated to the requested fee and is not a result of a factual determination. Plaintiff claims that she incurred over $16,000 in fees and that the Commissioner unreasonably withheld attorney's fees by awarding only $1,500. Defendants contend that the Commissioner was not arbitrary, capricious, or unreasonable in following its practice.

Plaintiff has provided a detailed accounting of legal fees incurred during the instant administrative appeal. The fees dwarf the amount of Plaintiff's compensation award. Plaintiff, however, does not elaborate on how the Commissioner unreasonably withheld attorney's fees. Plaintiff emphasizes the long duration of the case and concomitant costs, yet fails to demonstrate how these facts render the Commissioner's decision invalid. Plaintiff apparently requests the full amount of attorney's fees incurred, without respect to the magnitude of those fees in relation to the final compensation award. The Commissioner duly noted the amount of fees and weighed that consideration against the interest of preserving Plaintiff's recovery. The Commissioner was not obligated to authorize attorney's fees, but rather was forbidden from unreasonably withholding such fees. The Court cannot conclude that the Commissioner acted unreasonably and therefore will not disturb the award of attorney's fees.

## CONCLUSION

For the reasons set forth above, the Court upholds the Commissioner's Order as to the maximum weekly compensation, period of award, and attorney's fees. With respect to the penalty for failure to controvert Plaintiff's claim, the Court concludes that the Commissioner's Order is not in accordance with law and is not supported by substantial evidence. Accordingly, pursuant to 22 G.C.A § 9122(b) and 5 G.C.A. § 9240, the Court orders the Commissioner to modify its Order in conformance with this Decision and Order.

**SO ORDERED:** _28 January 2014_

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

1-28-14

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam

_Richard H. Benson_
RICHARD H. BENSON
Judge *pro tempore*, Superior Court of Guam